IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.

MATTHEW SIMON GRIMM
  and
CARRIE-ANN TOOLEY
  a/k/a "Carrie Tooley"
_____/

SEALED
INDICTMENT

1:22cr30-AW

THE GRAND JURY CHARGES:

### COUNT ONE

Between on or about February 6, 2020, and on or about November 1, 2021, in the Northern District of Florida and elsewhere, the defendants,

**MATTHEW SIMON GRIMM,
and
CARRIE-ANN TOOLEY,
a/k/a "Carrie Tooley,"**

did knowingly and willfully combine, conspire, confederate, and agree with each other and other persons known and unknown to the Grand Jury to import into the United States from a place outside thereof, a controlled substance, and this offense involved Schedule I controlled substances, that is, Eutylone, N-Ethylhexedrone, 3-Methylmethcathinone, and 5-MeO-DMT, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(3).

All in violation of Title 21, United States Code, Section 963.


FILED USDC FLND TL
OCT 5 '22 PM 12:55

## COUNT TWO

Between on or about February 6, 2020, and March 3, 2020, in the Northern District of Florida and elsewhere, the defendant,

**MATTHEW SIMON GRIMM,**

did intentionally and knowingly import into the United States from a place outside thereof, a quantity of a mixture and substance containing a detectable amount of Eutylone, a positional isomer of Pentylone, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of N-Ethylhexedrone, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(3), and Title 18, United States Code, Section 2.

## COUNT THREE

Between on or about April 1, 2020, and May 12, 2020, in the Northern District of Florida and elsewhere, the defendants,

**MATTHEW SIMON GRIMM,**
**and**
**CARRIE-ANN TOOLEY,**
**a/k/a "Carrie Tooley,"**

did intentionally and knowingly import into the United States from a place outside thereof, a quantity of a mixture and substance containing a detectable amount of N-Ethylhexedrone, a Schedule I controlled substance, a quantity of a mixture and

2

substance containing a detectable amount of 3-Methylmethcathinone, a positional isomer of 4-Methylmethcathinone, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of 5-MeO-DMT, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(3), and Title 18, United States Code, Section 2.

## COUNT FOUR

Between on or about June 3, 2020, and July 23, 2020, in the Northern District of Florida and elsewhere, the defendant,

**MATTHEW SIMON GRIMM,**

did intentionally and knowingly import into the United States from a place outside thereof, a quantity of a mixture and substance containing a detectable amount of N-Ethylhexedrone, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(3), and Title 18, United States Code, Section 2.

## COUNT FIVE

Between on or about November 23, 2020, and June 15, 2021, in the Northern District of Florida and elsewhere, the defendant,

**MATTHEW SIMON GRIMM,**

did intentionally and knowingly import into the United States from a place outside

thereof, a quantity of a mixture and substance containing a detectable amount of N-Ethylhexedrone, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(3), and Title 18, United States Code, Section 2.

## COUNT SIX

Between on or about February 6, 2020, and on or about November 1, 2021, in the Northern District of Florida and elsewhere, the defendants,

**MATTHEW SIMON GRIMM,**
and
**CARRIE-ANN TOOLEY,**
a/k/a "Carrie Tooley,"

did knowingly combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956(h), to wit:

(a) to transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of a specified unlawful activity, that is, conspiracy to import controlled substances as charged in Count One, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

4

(b) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of unlawful specified activity, that is, conspiracy to import controlled substances as charged in Count One, from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

(1) Directing customers located within the United States who were purchasing controlled substances from www.smokeyschemsite.com to send payment via bitcoin to a cluster of bitcoin addresses controlled by the defendants.

(2) Aggregating such payments together and then transferring bitcoin from the original cluster of bitcoin addresses, in some instances through

5

multiple pass-through bitcoin wallets, until the bitcoin reached a final destination. These final destinations ranged from a virtual asset service provider (VASP), or cryptocurrency exchange, where a conversion to fiat currency occurred, commingling with other cryptocurrencies and assets, deposition into foreign bank accounts, and storage in cryptocurrency wallets of various types.

(3) The funds were maintained and used to further the business operations and pay overhead expenses of the criminal organization.

All in violation of Title 18, United States Code, Section 1956(h).

## CONTROLLED SUBSTANCE FORFEITURE

The allegations contained in Counts One through Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Sections 853 and 970.

From their engagement in the violations alleged in Counts One through Five of this Indictment, punishable by imprisonment for more than one year, the defendants,

**MATTHEW SIMON GRIMM,**
**and**
**CARRIE-ANN TOOLEY,**
**a/k/a "Carrie Tooley,"**

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), all of their interest in:

    A.    Property constituting or derived from any proceeds the defendant obtained directly or indirectly as the result of such violations.

    B.    Property used in any manner or part to commit or to facilitate the commission of such violations.

If any of the property subject to forfeiture as a result of any act or omission of the defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

## MONEY LAUNDERING FORFEITURE

The allegations contained in Count Six of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1). From the defendants' engagement in the violation alleged in Count Six of this Indictment, the defendants,

**MATTHEW SIMON GRIMM,**
**and**
**CARRIE-ANN TOOLEY,**
a/k/a "Carrie Tooley,"

shall forfeit to the United States of America any and all of the defendants' right, title, and interest in any property, real and personal, involved in such offense, and any property traceable to such property.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

      v.      has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

*Redacted*

10/5/2022
DATE

_____
JASON R. COODY
United States Attorney

_____
CHRISTOPHER M. ELSEY
Assistant United States Attorney