AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Florida

UNITED STATES OF AMERICA
v.
MATTHEW SIMON GRIMM

## JUDGMENT IN A CRIMINAL CASE

Case Number: 1:22CR00030-001(s)

USM Number: 24353-511

Gilbert Schaffnit (Retained)
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s) One through Six of the Superseding Indictment (see ECF No. 16)

☐ pleaded nolo contendere to count(s) ______
which was accepted by the court.

☐ was found guilty on count(s) ______
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(3), and 963 | Conspiracy to Import a Controlled Substance Into the United States | 11/8/2022 | One |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☐ Count(s) ______ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/22/2025
Date of Imposition of Judgment

s/ Allen Winsor
Signature of Judge

Allen Winsor, Chief United States District Judge
Name and Title of Judge

9/24/2025
Date

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3) and 18 U.S.C. § 2 | Importation of a Controlled Substance Into the United States | 3/3/2020 | Two |
| 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3) and 18 U.S.C. § 2 | Importation of a Controlled Substance Into the United States | 5/12/2020 | Three |
| 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3) and 18 U.S.C. § 2 | Importation of a Controlled Substance Into the United States | 7/23/2020 | Four |
| 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3) and 18 U.S.C. § 2 | Importation of a Controlled Substance Into the United States | 6/15/2021 | Five |
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | 11/8/2022 | Six |

DEFENDANT: MATTHEW SIMON GRIMM
CASE NUMBER: 1:22CR00030-001(s)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

one hundred eight (108) months as to each of Counts One through Six, all terms to run concurrently with each other.

☑ The court makes the following recommendations to the Bureau of Prisons:

that the defendant be designated to FCI Jesup, and that he permitted to participate in RDAP to the extent he is eligible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ______________ ☐ a.m. ☐ p.m. on ______________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ______________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ______________ to ______________

at ______________ , with a certified copy of this judgment.

______________
UNITED STATES MARSHAL

By ______________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: MATTHEW SIMON GRIMM
CASE NUMBER: 1:22CR00030-001(s)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Pursuant to §5D1.1(c), no term of supervised release is imposed.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: MATTHEW SIMON GRIMM
CASE NUMBER: 1:22CR00030-001(s)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 600.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until __________. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ __________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MATTHEW SIMON GRIMM
CASE NUMBER: 1:22CR00030-001(s)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 600.00 due immediately, balance due

☐ not later than __________, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal ______ *(e.g., weekly, monthly, quarterly)* installments of $ ______ over a period of ______ *(e.g., months or years)*, to commence ______ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal ______ *(e.g., weekly, monthly, quarterly)* installments of $ ______ over a period of ______ *(e.g., months or years)*, to commence ______ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ______ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States: SEE ECF Nos. 148 and 150
1) 60.00026227 BitCoin ("BTC");
2) 20.77381615 BTC;

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: MATTHEW SIMON GRIMM
CASE NUMBER: 1:22CR00030-001(s)

# ADDITIONAL FORFEITED PROPERTY

3) 20.000293 BTC;
4) 30.67925161 BTC;
5) 100,062.1924 GLM (ETH);
6) 99.92211748095962364 Ethereum ("ETH");
7) 3,004,993.65 TRX;
8) 2,000,000.53 VET;
9) 7,969.971897 XTZ;
10) 42.59760482 BTC;
11) 79,990.579233 XRP;
12) 1.99765087 BTC;
13) 35.00779008 BTC;
14) 31.005839144602611971 ETH;
15) 371,767.514926 ADA;
16) 19,990.855385 XRP;
17) 0.15386283 BTC;
18) 100,000.147385 MATIC (ETH);
19) 100,901.71 ZIL;
20) BITFINEX Acct. gr8kingchem #777814 - Various coins described in Asset Nos. 20e –20v;
20e) 3.00903473 BTC;
20i) 11.01166175 ETH;
20t) 4,208.37415682 USD;
20v) 100,000.00200001 XRP;
21) BITFINEX Acct. smokeycat1 #529378 - Various coins described in Asset Nos. 21c –21l;
21c) 4.10473242 BTC;
21d) 758.61435375 DOT;
21e) 82.21644160 ETH;
21k) 179,884.79916278 USD;
21l) 16,573.40264864 XRP

DEFENDANT: MATTHEW SIMON GRIMM
CASE NUMBER: 1:22CR00030-001(s)

# DENIAL OF FEDERAL BENEFITS

***(For Offenses Committed On or After November 18, 1988)***

**FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862(a)**

IT IS ORDERED that the defendant shall be:

☐ ineligible for all federal benefits for a period of ______________ .

☐ ineligible for the following federal benefits for a period of ______________ .
*(specify benefit(s))*

**OR**

☐ Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

**FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)**

IT IS ORDERED that the defendant shall:

☐ be ineligible for all federal benefits for a period of ______________ .

☐ be ineligible for the following federal benefits for a period of ______________ .

*(specify benefit(s))*

☐ successfully complete a drug testing and treatment program.

☐ perform community service, as specified in the probation and supervised release portion of this judgment.

☐ Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

**Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, Veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk of court is responsible for sending a copy of this page and the first page of this judgment to:**

**U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531**